IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAI'YANN WHARTON, | § | |
| | § | |
| Defendant Below, | § | No. 379, 2024 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1705016524A (N) |
| | § | |
| Appellee. | § | |

Submitted: August 13, 2025
Decided: August 18, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the parties' briefs and the record below, we find it evident that the judgment of the Superior Court denying the motion for postconviction relief should be affirmed. As the Superior Court judge explained in her decision denying postconviction relief,[1] and as our independent review confirms, the record fully supported the fact that, after reviewing the pros and cons with counsel and a thorough colloquy with the court, Dai'yann Wharton knowingly, voluntarily, and intelligently waived his right to a jury trial. And Wharton's new argument on appeal – that trial counsel was deficient under *Strickland v.*

---

[1] *State v. Wharton*, 2023 WL 3813470 (Del. Super. Aug. 13, 2024).

*Washington*[2] for failing to advise Wharton to attempt to withdraw his waiver based on a later adverse evidentiary ruling – was not raised below, does not raise a claim of plain error, and the interests of justice do not weigh in favor of hearing the argument for the first time on appeal.[3]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Chief Justice

---

[2] 466 U.S. 668 (1984).

[3] Supr. Ct. R. 8.  In any event, the argument is without merit.  The primary basis for the evidentiary setback post-colloquy – that newly discovered text messages would be admissible at trial – was a risk known to Wharton prior to the colloquy.  He sent the text messages.  *See Wharton v. State*, 246 A.3d 110, 118 (Del. 2021) ("Wharton was in a *better* position than the State to find the Incriminating Messages. He is the one who sent them. Thus, Wharton had to know about their contents. Wharton was necessarily aware that he was at the risk of the State learning of those conversations, whether through some digital record or from [the recipient] himself." (emphasis in original)).